ARTHUR HALEY *vs.* HERBERT C. CALEF, Town Treasurer.
ALICE HALEY *vs.* HERBERT C. CALEF, Town Treasurer.

JUNE 25, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Bridges.  Duty of Adjoining Towns to Repair Connecting Bridge.*

The duty of a town to keep in repair bridges on the dividing line between it and other towns, under the provisions of Gen. Laws cap. 72, § 19, is limited to the part of such bridges within and next adjoining the line of such town, and in a civil action to recover damages for injuries received on a defective bridge it is a material part of the plaintiff's case to prove in which town the accident occurred.

(2)  *Joining Parties Defendant.   Bridges.*

While under the provisions of court and practice act, section 240, a plaintiff may join two towns as defendants, in an action to recover damages for injuries received on a defective bridge connecting the towns, proof must nevertheless be made as to the location of the defect complained of in order to recover.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendants, and cause remitted for further proof.

BLODGETT, J.   These are two actions of trespass on the case for negligence, brought to recover damages from the towns of Johnston and North Providence for personal injuries to the plaintiff, Alice Haley, received on a defective bridge between the two towns, on August 12, 1905, and were consolidated for purposes of trial in the Superior Court, and are before us upon the defendant's exceptions, after verdict for each of the plaintiffs.

The underlying question presented, first by demurrer to the declaration, which was overruled, and later, at the close of the trial, by a motion to direct a verdict for the defendant, is whether, under the statutes of this State, the obligation to maintain and keep in repair a connecting bridge between

two towns is several as to the portion in each town or joint as to the whole structure. The demurrer was overruled below on the ground that the liability was joint as to the whole structure and not restricted to the portion thereof in a given town. It follows that if the ruling of the court below was correct it was immaterial whether the accident was due to a defect in the portion of the bridge in one town or in the other.

Sections one, nineteen, and twenty, chapter 72 of the General Laws of Rhode Island, are as follows:

"SECTION 1. All highways, causeways and bridges, except as is hereinafter provided, lying and being within the bounds of any town, shall be kept in repair and amended, from time to time, so that the same may be safe and convenient for travelers with their teams, carts and carriages at all seasons of the year, at the proper charge and expense of such town, under the care and direction of the town council of such town."

"SEC. 19. All public bridges on the dividing lines between towns shall be established and kept in repair at the expense of the towns adjoining said bridges; and every public bridge on the dividing line between this state and the adjoining states shall be established and kept in repair, on the part of this state, at the expense of the town adjoining such bridge.

"SEC. 20. If any town adjoining any such bridge shall refuse or neglect to keep in good repair the part of such bridge within and next adjoining the line of such town, the town so neglecting or refusing shall be fined not less than twenty dollars nor more than one thousand dollars, and execution shall issue for the amount of said fine and costs against the said town; but nothing herein contained shall be so construed as to impair any agreement made between any towns relative to the supporting and repairing of bridges."

The public duty is thus clearly limited, in section 20, "to keep in good repair the part of such bridge within and next adjoining the line of such town," under a penalty therein prescribed. We see no reason for a different requirement at the suit of a person seeking damages in a civil action than the state has prescribed as a basis of a criminal prosecution. While the language of section 19 does not in terms specify

the nature of the liability, it is still true that section 1, (which imposes the duty to repair in other cases of "highways, causeways and bridges)" restricts liability to those "lying and being within the bounds of any town." And see also sections 11 and 12 of chapter 72 and section 15 of chapter 36 of the General Laws.

In *Perkins* v. *Oxford*, 66 Me. 545, 551, the plaintiff was injured on a bridge over "a small stream dividing the towns of Hebron and Oxford," and the court held there was no joint liability, observing that "Towns are severally responsible under the statute, for injuries suffered by reason of defects that are within their limits. The negligence of the Hebron town officers, if it produced any effect within the boundaries of Oxford, was the negligence of the Oxford officers also; and Oxford must answer for injuries caused by a defect on its own side of the line. The liability is a statute liability, and the remedy which the statute furnishes must be pursued." And see *Sheridan* v. *Palmyra Township*, 180 Pa. St. 439.

It follows that it was error to overrule the demurrer to the declaration, and that it was a material part of the plaintiff's case to prove in which town the accident occurred.

Section 240 of the court and practice act provides as follows: (2) "SEC. 240. Whenever in any action the plaintiff is in doubt as to the person from whom he is entitled to recover, he may join two or more defendants with a view of ascertaining which, if either, is liable; and the plaintiff shall recover only against such of the defendants as may be liable therein, and such as are not liable shall recover such costs, single or double, as the court in its discretion shall deem proper."

Under this provision, while a plaintiff might properly join both towns as defendants, proof must nevertheless be made as to the location of the defect complained of in order to a recovery. In the case at bar this was not done, but a verdict was rendered against the defendants jointly.

The overruling of the demurrer to the declaration, while technically erroneous in holding that a joint liability existed, nevertheless did no substantial injustice in so far as it permitted the action to be maintained against both towns. But

inasmuch as under that ruling no evidence was offered to show in which town the defect was located, we are of the opinion that the cause should be remanded to the Superior Court for the determination of that question only, inasmuch as both defendants have already had an opportunity to be heard on the amount of damages and no exception is urged on the ground that they are excessive.

*Barney and Lee*, for plaintiffs.
*Francis I. McCanna*, of counsel.
*Tillinghast and Murdock*, for defendant Calef.
*James C. Collins, Jr.*, for defendant John Ogden.